UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Gulf Fleet Management, LLC,** | * | CIVIL ACTION |
| **and Hercules Marine LLC** | * | |
| | * | |
| **VERSUS** | * | NO. |
| | * | |
| **M/T CLIPPER SKAGEN, her engines, boilers, tackle,** | * | |
| **apparel, appurtenances,** *etc.*, *in rem*, | * | JUDGE |
| **P/R Clipper Skagen DR, and Solvang ASA,** *in personam* | * | MAGISTRATE |

### VERIFIED COMPLAINT

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

**COME NOW**, Gulf Fleet Management, LLC and Hercules Marine LLC (collectively hereinafter "Gulf Fleet"), plaintiffs in the above-styled and numbered cause, appearing through undersigned counsel, and submit the following Verified Complaint against defendants, the M/T CLIPPER SKAGEN, her engine, boilers, tackle, apparel, appurtenances, etc., *in rem*, and P/R Clipper Skagen DR and Solvang ASA, *in personam*, in a cause of action civil and maritime, respectfully represent:

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiffs herein are identified as follows:

   a. At all material times, plaintiff Gulf Fleet Management, LLC, was and is a limited liability company organized and existing under the laws of the State of Louisiana with its principal place of business located at 2623 S.E. Evangeline Thruway, Lafayette, Louisiana 70508. At all material times, Gulf Fleet Management, LLC was the manager and/or operator of FSV GULF STORM;

   b. At all material times, plaintiff, Hercules Marine, LLC was and is a limited liability company organized and existing under the laws of the State of Louisiana with its principal business address located at 2623 S.E. Evangeline Thruway, Lafayette, Louisiana 70508. At all material times, Hercules Marine, LLC was the registered owner of FSV GULF STORM;

3. Defendants herein are identified as follows:

   a. At all material times, *in rem* defendant, M/T CLIPPER SKAGEN, call sign LAVO4, a Norwegian flagged LPG tanker with tonnages of 11,822 gross and 16,137 deadweight, was engaged in the carriage of goods by sea for hire between various foreign and domestic ports;

   b. At all material times, *in personam* defendant, P/R Clipper Skagen DA, was and is a foreign corporation with a principal place of business at Naeringslivets Hus, Haakon VII's Gate 8, 4005 Stavanger NORWAY, and further upon information and belief was and is the owner and/or manager of M/T CLIPPER SKAGEN;

   c. At all material times, *in personam* defendant, Solvang ASA, was and is a foreign corporation with a principal place of business at Naeringslivets Hus, Haakon VII's Gate 8, 4005 Stavanger NORWAY, and further upon information and belief

    was and is the manager and/or operator of M/T CLIPPER SKAGEN;

4. The Court has *in rem* jurisdiction over defendant M/T CLIPPER SKAGEN because she is, or will be, within this jurisdiction during the pendency of this action.

5. The Court has *in personam* jurisdiction over defendant P/R Clipper Skagen DR because it regularly and systematically directs vessels under its ownership, direction, management, and/or to call upon ports in the Gulf of Mexico both within the State of Texas as well as other ports throughout the United States.

6. The Court has *in personam* jurisdiction over defendant Solvang ASA because it regularly and systematically directs vessels under its ownership, direction, management, and/or to call upon ports in the Gulf of Mexico both within the State of Texas as well as other ports throughout the United States.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333, Rule C of the Supplemental Rules for Admiralty and Maritime Claims, and Rule 4(k)(2) of the Federal Rules of Civil Procedure.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

9. On the morning of Thursday, March 25, 2010, FSV GULF STORM, a 175' jet-drive fast crew support vessel owned and/or operated by plaintiffs, received a general emergency broadcast message from the United States Coast Guard requesting *in extremis* assistance with M/T CLIPPER SKAGEN, a heavily laden LPG tanker.

10. According to the general broadcast message, M/T CLIPPER SKAGEN had lost all propulsion from her main engines, thereby rendering her unseaworthy, and was drifting helplessly in the Gulf of Mexico Garden Banks Block 72 and through an operational hydrocarbon production field laden with numerous sub-surface pipelines and operational

manned hydrocarbon production structures.

11. Upon information and belief, M/T CLIPPER SKAGEN was perilously drifting at a rate of approximately 1 to 2 knots under 16 knot winds and 3' to 5' seas toward an operational manned hydrocarbon production platform in Garden Banks 72, which was located approximately 1.5 miles off of her bow.

12. Upon information and belief, the United States Coast Guard was monitoring M/T CLIPPER SKAGEN's *in extremis* situation through its New Orleans, Galveston, and Houston district offices and had dispatched fixed wing and rotary aircraft to the scene.

13. Upon information and belief, due to the *in extremis* situation of M/T CLIPPER SKAGEN, the manned hydrocarbon production structure at Garden Banks 72 was evacuated leaving only essential personnel.

14. Shortly after receiving the general broadcast from the United States Coast Guard, FSV GULF STORM left her position and traveled approximately ten (10) miles to the reported location of M/T CLIPPER SKAGEN. No other vessels were anywhere near the area.

15. The FSV GULF STORM, though not normally equipped for towage, exchanged a towline with M/T CLIPPER SKAGEN, and through the skillful efforts of FSV GULF STORM and her crew, successfully towed M/T CLIPPER SKAGEN from an impending allision with the operational manned hydrocarbon production platform at Garden Banks Block 72, across a safety fairway and into open water.

16. FSV GULF STORM maintained her towline and continued her salvage efforts to M/T CLIPPER SKAGEN until approximately 2000 hours local time when she was relieved by ocean-going tugs and shortly thereafter released by the Master of M/T CLIPPER SKAGEN.

17. Upon information and belief, at the time of the salvage efforts by FSV GULF STORM, M/T CLIPPER SKAGEN carried the following types and quantities of cargo under several bills of lading: (a) Butadiene - 2,622.269 MT; (b) Crude C4 - 6,065.706 MT; (c) Propane - 16.217 MT.

18. Upon information and belief, each of the cargos on board M/T CLIPPER SKAGEN was highly carcinogenic and flammable.

19. Plaintiffs placed FSV GULF STORM and her crew in an at-risk and *in extremis* condition to save M/T CLIPPER SKAGEN, the lives and property of those aboard M/T CLIPPER SKAGEN, the impending physical damage to hydrocarbon production structures operating in the vicinity including sub-surface pipelines, the lives and property of persons working on the operational hydrocarbon production structures, the likely environmental damages, and to protect all prurient interests from harm when M/T CLIPPER SKAGEN was in exigent circumstances.

20. As a result of the efforts of FSV GULF STORM, plaintiffs are entitled to a maritime lien for salvage of M/T CLIPPER SKAGEN, her engines, boilers, tackle, apparel, appurtenances, her cargo, and all freights in addition to the recovery of damages and costs.

21. All and singular the matters aforesaid are true and correct and within the admiralty and maritime jurisdiction of the United States of American and this Honorable Court.

22. Plaintiffs reserve their right to amend this Verified Complaint as additional information becomes available.

**WHEREFORE**, Plaintiffs pray:

A.    That process in due form of law, according to the Federal Rules of Civil Procedure, Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the practices of this Court issue against M/T CLIPPER SKAGEN, her engines, boilers, tackle, apparel, appurtenances, *etc.*, *in rem*, and against any and all persons having or claiming any interest therein, and P/R Clipper Skagen DR and Solvang ASA, *in personam*, and further that they be cited to appear and answer, all and singular, the matters aforesaid;

B.    That after due proceedings, the Court recognize a maritime lien for salvage in favor of Gulf Fleet Management, LLC and Hercules Marine LLC, and that plaintiffs be awarded judgment *in rem* against defendant M/T CLIPPER SKAGEN, her engines, boilers, tackle, apparel, appurtenances, *etc.*, in an amount determined to be equitable based on the risks and expenses incurred to protect the vessel in accord with the law of salvage, with interest, costs, attorneys' fees and expenses;

C.    That after due proceedings, plaintiffs be awarded a judgment and decree *in personam* against defendants P/R Clipper Skagen DR and Solvang ASA for any balance due plaintiffs which cannot be satisfied by the proceeds of the sale of M/T CLIPPER SKAGEN; and

D.    That Plaintiff may have such other, further and different relief as the Court deems just and proper.

Respectfully submitted,

**FRILOT LLC**

*/s/ MHP* 5/12/10
_____
**MICHAEL H. PINKERTON (Texas Bar #24071608)
Southern District of Texas (#23031)
MILES P. CLEMENTS, T.A. (La. Bar #4184)**
(*pro hac vice* to follow)
**THOMAS J. BETHUNE, IV (La. Bar #28313)**
(*pro hac vice* to follow)
**DAVID P. CURTIS (La. Bar #30880)**
(*pro hac vice* in Texas to follow)
1100 Poydras Street, Ste. 3700
New Orleans, LA 70163-3700
Telephone: (504) 599-8000
Facsimile: (504) 599-8100
**Counsel for Gulf Fleet Holdings, Inc.,
Gulf Fleet Management, LLC, Gulf Fleet Marine, Inc.,
and Hercules Marine LLC**

PLEASE WITHHOLD SERVICE
ON *IN REM* DEFENDANT:
M/V CLIPPER SKAGEN

PLEASE WITHHOLD SERVICE
ON *IN PERSONAM* DEFENDANTS:
P/R Clipper Skagen DR
Solvang ASA